```
ANTHONY HERAS
3705 W PICO BLVD
LOS ANGELES, CA  90019
(213) 283-0995
HERASANTHONY@AOL.COM
```

FILED
CLERK, U.S. DISTRICT COURT
10/16/24
CENTRAL DISTRICT OF CALIFORNIA
BY     ASH     DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTHONY HERAS**, <br><br> Plaintiff, <br><br> vs. <br><br> **META PLATFORMS, INC. D/B/A FACEBOOK**, <br><br> Defendant | Case No.: 2:24-cv-05948-SVW-SSC <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT** |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff **Anthony Heras**, will and hereby does move this Court for an Order **remanding this action to the Superior Court of the State of California, County of Los Angeles**, pursuant to **28 U.S.C. § 1447(c)**.

This motion is made on the grounds that this Court no longer has subject matter jurisdiction over this action because Plaintiff has filed a **First Amended Complaint**, which removes all federal claims and asserts only causes of action based on **California state law**. As a result, there is no federal question remaining in this case, and remand is appropriate.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the First Amended Complaint on file in this action, and such further argument and evidence as may be presented at any hearing on this matter.

Dated: OCTOBER 16, 2024

Respectfully Submitted,

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT - 1

**Plaintiff, Anthony Heras**
3705 W PICO BLVD, LOS ANGELES, CA  90019 (213) 283-0995
HERASANTHONY@AOL.COM

Dated this 16TH of October, 2024.

_____
ANTHONY HERAS

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT - 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, **Anthony Heras**, respectfully requests that this Court **remand** this case to the **Superior Court of the State of California, County of Los Angeles**. This case was originally filed in state court, but Defendant Meta Platforms, Inc. d/b/a Facebook removed it to federal court on the basis of **federal question jurisdiction** because the original complaint referenced federal protections.

Since then, Plaintiff has filed a **First Amended Complaint**, which removes all **federal claims** and asserts only causes of action under **California state law**, such as the **California Unruh Civil Rights Act**, the **California Consumer Privacy Act**, and other state-specific claims. As a result, no federal question remains, and this Court no longer has subject matter jurisdiction over the case. Therefore, this action should be remanded back to state court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. **State Court Filing and Removal**: Plaintiff originally filed this action in the **Superior Court of California, County of Los Angeles**. The original complaint included causes of action based on federal protections and constitutional rights, thus invoking **federal question jurisdiction**.

2. **Removal to Federal Court**: On [Insert Date], Defendant Meta Platforms, Inc. removed the case to federal court, citing **federal question jurisdiction** under **28 U.S.C. § 1331**. Defendant asserted that the inclusion of federal claims, such as the First Amendment claims, warranted removal to federal court.

3. **Filing of First Amended Complaint**: On [Insert Date], Plaintiff filed a **First Amended Complaint**, which removed all federal claims. The **First Amended Complaint** now includes only **California state law claims**, such as violations of the **California Unruh Civil Rights Act** (California Civil Code § 51), the **California Consumer Privacy Act** (California Civil Code § 1798.100 et seq.), **breach of contract**, **conversion**, and other state-based causes of action.

4. **No Remaining Federal Claims**: Since the **First Amended Complaint** contains no federal claims, the federal court no longer has subject matter jurisdiction, as the case no longer involves any questions of federal law.

## III. LEGAL STANDARD

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT - 3

Under **28 U.S.C. § 1447(c)**, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Federal courts are courts of limited jurisdiction and may only hear cases that either:

1. Involve a **federal question** (28 U.S.C. § 1331), or
2. Satisfy **diversity jurisdiction** (28 U.S.C. § 1332) with parties from different states and an amount in controversy exceeding $75,000.

When a case is removed to federal court, the burden of establishing federal jurisdiction falls on the party who sought removal. In this case, Defendant asserted **federal question jurisdiction** based on the inclusion of federal claims in the original complaint. However, with the filing of the **First Amended Complaint**, all federal claims have been eliminated, leaving only state law causes of action. Therefore, no **federal question** exists, and remand is required.

### IV. ARGUMENT

#### A. No Federal Question Exists in the First Amended Complaint

Plaintiff's **First Amended Complaint** asserts only causes of action under **California state law**, including:

- The **Unruh Civil Rights Act (California Civil Code § 51)**, which prohibits discrimination by business establishments.
- The **California Consumer Privacy Act (California Civil Code § 1798.100 et seq.)**, governing consumer data privacy.
- **Breach of Contract**, **Conversion**, and other state law causes of action.

None of these claims involve federal statutes or constitutional issues, and as such, no federal question exists. Accordingly, this Court lacks jurisdiction under **28 U.S.C. § 1331**.

#### B. Federal Courts Have Limited Jurisdiction and Remand is Favored

It is well-established that federal courts are courts of limited jurisdiction, and any doubt about the right of removal must be resolved in favor of remand (Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). As federal jurisdiction no longer exists in this matter, the case must be remanded to state court.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT - 4

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court **remand** this case to the **Superior Court of the State of California, County of Los Angeles**, as the Court no longer has subject matter jurisdiction.

Dated: October 16, 2024

Respectfully Submitted,

**Plaintiff, Anthony Heras**
3705 W PICO BLVD, LOS ANGELES, CA  90019 (213) 283-0995
HERASANTHONY@AOL.COM

Dated this 16TH of October, 2024.

_____
ANTHONY HERAS

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT - 5